UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

NO. CIV. S-04-1986 LKK/DAD

      Plaintiff,

  v.                                    O R D E R

NATOMAS UNIFIED SCHOOL
DISTRICT,

      Defendant.
_____/

    On February 22, 2005, this court issued an order granting, with leave to amend, plaintiff's motion to dismiss defendant's negligence counterclaim. Defendant, Natomas Unified School District ("NUSD" or "the District"), subsequently filed its first amended counterclaim against plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul"), which alleges, inter alia, fraud and deceit regarding representations made about a takeover

1

agreement, fraud and deceit regarding representations made about a mold remediation program, and negligent misrepresentation (defendant's third, fourth, and fifth counterclaims, respectively). Pending before the court is plaintiff's motion to dismiss these three counterclaims.

## I.

## FACTS[1]

On or about August 27, 2001, NUSD entered into a written contract with Gen-Con, Inc. as a general contractor to construct the Natomas Middle School No. 2 - phase 2 project. St. Paul served as the surety and issued separate performance and payment bonds, in the amount of $11,490,000. Specifically, Bond No. SF6950 was issued to ensure and guarantee Gen-Con's complete and faithful performance of the contract and payment for all labor, materials, services, and equipment required to complete the project.

On or about July 15, 2002, after commencing construction on the project, Gen-Con defaulted under its contract with NUSD and filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, in the matter of *In Re Gen-Con, Inc.*, in the United States Bankruptcy Court, Northern District of California, Eastern Division, Case No. 02-53885 JRG ("bankruptcy action").[2]  St. Paul initiated an adversary proceeding in the

---

[1] All facts are derived from NUSD's first amended counterclaim.

[2] NUSD has not named Gen-Con for purposes of service in this action because of the automatic stay imposed by the bankruptcy filing.

2

bankruptcy court.

After Gen-Con's default of the contract, representatives of Natomas notified St. Paul on numerous occasions, orally and in writing, of Gen-Con's default and requested St. Paul's "immediate intervention" and action to perform Gen-Con's duties and obligations under the contract, and to continue, preserve the condition of, and complete the project. St. Paul allegedly failed and refused to take control of, enter upon, and preserve the condition of the project or otherwise act to complete the project until NUSD agreed to execute a "takeover agreement."

On September 23, 2004, St Paul brought suit against NUSD in this court, arguing that NUSD breached a number of its duties under the Takeover Agreement. NUSD answered St. Paul's complaint in December 2004, at which point it also alleged several counterclaims. In February of 2005, St. Paul successfully moved to dismiss NUSD's counterclaim for negligence, and the Court dismissed that counterclaim with leave to amend. NUSD then filed its first amended counterclaim, with allegations which are at issue in this motion.

**II.**

**STANDARDS ON A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n,

3

1  Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).
2  Thus, the plaintiff need not necessarily plead a particular fact
3  if that fact is a reasonable inference from facts properly alleged.
4  See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)
5  (inferring fact from allegations of complaint).
6       In general, the complaint is construed favorably to the
7  pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  So
8  construed, the court may not dismiss the complaint for failure to
9  state a claim unless it appears beyond doubt that the plaintiff
10 0can prove no set of facts in support of the claim which would
11 entitle him or her to relief.  See Hishon v. King & Spalding, 467
12 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46
13 (1957)).  In spite of the deference the court is bound to pay to
14 the plaintiff's allegations, however, it is not proper for the
15 court to assume that "the [plaintiff] can prove facts which [he or
16 she] has not alleged, or that the defendants have violated the .
17 . . laws in ways that have not been alleged."  Associated General
18 Contractors of California, Inc. v. California State Council of
19 Carpenters, 459 U.S. 519, 526 (1983).

**III.**

**ANALYSIS**

22      St. Paul contends that the District's two fraud claims and
23 negligent misrepresentation claim should be dismissed because the
24 District has failed to allege facts which would allow it to prevail
25 on these claims.  St. Paul also contends that the District has not
26 pled the three claims with the requisite specificity as set forth

4

by Fed. R. Civ. P. 9(b). As I explain below, St. Paul's motion to dismiss the District's counterclaims must be granted with leave to amend.

**A.   THIRD COUNTERCLAIM: THE DISTRICT'S FRAUD CLAIM REGARDING THE TAKEOVER AGREEMENT**

The elements that give rise to a tort action for fraud and deceit in California are (1) misrepresentation, (2) knowledge of falsity or scienter, (3) intent to defraud, (4) justifiable reliance and (5) resulting damage. <u>City Solutions, Inc. v. Clear Channels Communications, Inc.</u>, 365 F.3d 835, 839 (9th Cir. 2004) (citation omitted). St. Paul argues that the District has failed to allege three elements of fraud: misrepresentation; justifiable reliance; and resulting damage. As explained below, St. Paul's motion to dismiss this cause of action must be granted because the District fails to allege a misrepresentation of fact, a requisite for suit.

The District alleges in its third counterclaim that:

> . . . St. Paul represented that Natomas was required to sign St. Paul's Takeover Agreement before St. Paul could or would proceed with the project as it was obligated to do under Performance Bond No. SF6950. Natomas is informed and believes and on those grounds alleges that St. Paul's representations were in fact false and that *no provisions of the contract or performance bond, or law*, required Natomas to execute a Takeover Agreement, as a condition precedent to St. Paul performing its obligations, or at all (emphasis supplied).

Countercl. at ¶ 22.

The District also alleges that St. Paul made such representations with the intent of fraudulently inducing Natomas

5

to rely on those representations to sign a Takeover Agreement, "in an effort to remove many of Natomas' rights to which it was entitled under the underlying contract." The District claims that St. Paul made such representations knowing that they were false or misleading, and that it acted in reliance on such representations by attempting to negotiate a Takeover Agreement, which caused the construction project to be delayed. Countercl. at ¶ 23.

In sum, the District is alleging that St. Paul misrepresented the law. The counterclaim explicitly states that "St. Paul's representations were in fact false and that no provisions of the contract or performance bond, or law, required Natomas to execute a Takeover Agreement." Countercl. at ¶ 21.

The Ninth Circuit has explained that "fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law." Miller v. Yokohama Tire Co., 358 F.3d 616, 621 (9th Cir. 2004)(citing Am.Jur.2d of Fraud and Deceit § 97 (2001)).[3] "[S]tatements of domestic law are normally regarded as expressions of opinion which are generally not actionable in fraud even if they are false." Id. However, "if a misrepresentation as to matter of law includes, expressly or by implication, a misrepresentation of

---

[3] The Ninth Circuit explains that the general rule is not without exception because the Restatement lays out four special situations that would justify reliance on such a misrepresentation of law: Where the party making the misrepresentation (1) purports to have special knowledge; (2) stands in a fiduciary or similar relation of trust and confidence to the recipient; (3) has successfully endeavored to secure the confidence of the recipient; (4) or has some other special reason to expect that the recipient will rely on his opinion. Miller, 358 F.3d at 621. The District has failed to allege any of these circumstances.

6

fact, the recipient is justified in relying upon the misrepresentation of fact to the same extent as though it were any other misrepresentation of fact." Restatement 2d., Torts § 545. See Crandall v. Parks, 152 Cal. 772, 776 (1908).

The present complaint does not allege that St. Paul's representations included express or implied misrepresentations of fact. Thus, the District's fraud claim as to the takeover agreement does not lie.

**B.   FOURTH COUNTERCLAIM: THE DISTRICT'S FRAUD CLAIM REGARDING THE MOLD REMEDIATION PLAN**

In its fourth counterclaim, the District alleges that St. Paul falsely represented that the District "was required to agree to an unreasonable mold remediation plan before St. Paul could or would proceed with the project" with the intent of inducing the District to agree to the allegedly unreasonable program. Countercl. at ¶¶ 31, 32.

The District further alleges that St. Paul knew that the above representation was false, but that it ultimately agreed to the unreasonable mold remediation plan. As with the third cause of action, the District asserts that it incurred damages due to St. Paul's allegedly fraudulent inducement. In addition, it avers that while the two parties were negotiating the terms of the remediation agreement, the construction was unduly delayed and the mold caused further damage to the District's property. St. Paul contends that the District fails to allege a misrepresentation, knowledge of falsity, and justifiable reliance.

7

Again, the district's counterclaim falls short. The District merely incorporates its previous allegations and additionally claims that St. Paul "represented that Natomas was required to agree to an unreasonable mold remediation plan before St. Paul could or would proceed with the project." Countercl. at ¶ 31. The fourth counterclaim fails to allege that there was a misrepresentation fact.

As explained above, because misrepresentation gives rise to a fraud claim only if it is a misrepresentation of material fact, as opposed to misrepresentation about the law applicable to facts equally known to both parties, such an allegation is not cognizable. See Miller, 358 F.3d at 621. Accordingly, the District's fourth counterclaim is dismissed.

**C.   FIFTH COUNTERCLAIM: THE DISTRICT'S NEGLIGENT MISREPRESENTATION CLAIM**

Under California law, the elements of negligent misrepresentation are: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance by the party to whom it was directed, and (5) resulting damages. Jackson v. Roe, 73 F.3d 1192, 1201 n.2 (9th Cir. 2001) (citations omitted).

In the case at bar, the District alleges that St. Paul, "represented that Natomas was required to comply with St. Paul's unreasonable and unjust demand, on two separate occasions

1  [regarding the takeover agreement and the mold remediation plan]
2  before St. Paul could or would proceed with the project."
3  Countercl. at ¶ 41.  The District avers that St. Paul made the
4  representations with the intent to induce reliance on the
5  misrepresentations and that it was not aware of the falsity of the
6  representations and relied on them to its detriment.
7       The only difference between negligent misrepresentation and
8  fraud is that for negligent misrepresentation, the party making the
9  misrepresentation need not know of its falsity but instead must
10 make the representation without reasonable grounds for believing
11 it to be true. See, e.g., B.L.M. v. Sabo & Deitsch, 55 Cal.App.4th
12 823 (1997). The District, however, must still allege facts showing
13 that St. Paul misrepresented some material fact.  Because this
14 cause of action is premised on the same allegations in the third
15 and fourth counterclaim, it also fails under the common law because
16 misrepresentations as to legal opinion are not actionable.
17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

9

**IV.**

**CONCLUSION**

St. Paul's motion to dismiss the District's third, fourth, and fifth counterclaims is GRANTED with leave to amend.[4]

IT IS SO ORDERED.

DATED: July 26, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] The District is granted fifteen (15) days from the date of this order to amend their counterclaims. Counsel is admonished that amendments not made in good faith shall result in sanctions being issued pursuant to Fed. R. Civ. P. 11.

10